Parker C. J.
delivered the opinion of the Court. With respect to the form of the guaranty, we are of opinion that the effect of it must be determined by the intention with which it was made. If Clap bad authority to make the guaranty for the defendant, and the words are such as not clearly to bind himself alone, and it can be ascertained that he intended to act for De Wolf, the latter will be bound. The authorities cited to maintain the position, that the name of the principal must be signed by the agent, are of deeds only ; instruments under seal; and it is not desirable that the rigid doctrine of the common law should be extended to mercantile transactions of this nature, which are usually managed with more attention to the substance than to the form of contracts.[1]
Clap, in his guaranty, declares that he acts by authority of De Wolf, and it is evident, from all the circumstances of the case, that he professed to act only as his agent. The only question ought to be, therefore, whether he had such authority. *64 Now it is perfectly clear from the letters of the defendant to Qlap and to George De Wolf, that he intended to guaranty the premium upon the policies which were assigned to him He was informed distinctly that he could no otherwise obtain the consent of the underwriters to the assignment, and their promise to pay any loss to him. His repeated calls for all the policies, his express direction with respect to all but one, his frequent and pressing calls for that which was omitted from the list transmitted by Clap, knowing the only terms upon which he could obtain the policies in question with the promise of the office upon them, are clear and decisive evidence of an authority to Clap, and if that were doubtful, of a ratification, with a full knowledge of the means by which they had been obtained.
In regard to the admissibility of the letters of Clap and George De Wolf, we think there is no question. The whole correspondence relates to a mercantile contract between the defendant and his agents touching the very subject in controversy, the guaranty of premium notes. It is the transaction itself, the res gvstce. It is admitted that the letters of the defendant are good evidence ; then certainly those to which his are answers should have been received. Indeed, the only use of the letters was to prove that the defendant knew the conditions on which alone the office would substitute him on the policies. There is no declaration of the agents to bind the principal, but the communication of facts which coming to his knowledge are to be used in construction of his subsequent acts.
In regard to the form in which the substitution was made on the policies, being by the secretary only, we think it clear that this was primó facie evidence of an obligation on the company. It is to be presumed that the secretary acted under instructions of the president and directors, and the charter does not require the signature of the president to any instrument but the policy. If an action had been brought on this promise by the defendant, to recover a loss, the company could not have resisted payment, unless they could show an express prohibition upon the secretary to bind them in this way. Indeed, having received a consideration in the guaranty of the defend *65 ant, they have accepted the act of the secretary, and are bound by it.[1]
We think also, that the promise of the office to pay, in case of loss, to the defendant, is a sufficient consideration for the guaranty, notwithstanding in one of the policies they originally agreed to pay to the assured or their assigns ; for the promise direct to him, on which an action could be maintained, is of itself a sufficient consideration.

Judgment according to verdict.

 See Story’s Comm, on Agency, 143,144, and cases cited; Penlz v. titan, ton, 10 Wendell, 271; Andrews v. Estes, 2 Fairfield, 267; Campbell v. Baker, 2 Watts, 83; Chitty on Contracts, (4th Am. edit.) 184, 185, and note.

 See Revised Stat. c. 37, § 13, 29.